IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SERRANO-MUÑOZ | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TROOPER RYAN ROGERS, et al. | : | |
| *Defendants* | : | No. 18-4983 |

## MEMORANDUM

*Pro se* Plaintiff David Serrano-Muñoz sued Pennsylvania State Police Troopers Bruce Williams, Tyler Stepanchick, Joseph Spingler, Christopher Holdeman, David Shearn, Ryan Rogers, and Jason Kaczor ("State Troopers") pursuant to 42 U.S.C. § 1983 for damages and equitable relief arising out of their seizure of his cell phone and use of his Facebook information.

The State Troopers moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted and Rule 12(b)(1) for lack of jurisdiction. Mr. Serrano-Muñoz opposed this motion and requested, in the alternative, leave to amend his Complaint to cure any deficiencies. For the reasons discussed below, the Court will grant the State Troopers' motion with prejudice as to Mr. Serrano-Muñoz's Fourth Amendment warrantless seizure and Fifth Amendment self-incrimination claims. The dismissal is without prejudice, however, as to Mr. Serrano-Muñoz's Fourth Amendment excessive use of force claim.

### FACTUAL BACKGROUND

In March 2017, Trooper Tyler Stepanchik investigated the case of a missing minor.[1] The minor's foster mother believed the child may have been speaking with older men on social media.

---

[1] The facts are set forth based on the findings of Judge John E. Jones III in his order denying Mr. Serrano-Muñoz's motion to suppress evidence in the underlying criminal proceedings in the U.S. District Court for the Middle District of Pennsylvania, *United States v. Serrano-Muñoz*, that pre-date this dispute.

1

Trooper Stepanchik obtained a search warrant for the minor's social media accounts. Facebook conversations between the minor and a "David Munoz" included pornographic images of the child, as well as conversations revealing that the minor was staying at the residence later identified as the residence of Mr. Serrano-Muñoz. Doc. No. 31-1, at 3. The minor's foster mother confirmed to law enforcement that the child had called her from the phone number associated with "David" on search results for his Instagram profile. *Id.*

Around noon on April 25, 2017, Trooper Christopher Holdeman made contact with Mr. Serrano-Muñoz and the minor and separated them. On Trooper Stepanchick's instructions, without a warrant, Trooper Holdeman seized Mr. Serrano-Muñoz's cell phone for potential evidence of criminal activity. Trooper Holdeman took the powered-off cell phone to the police barracks, where another trooper logged the phone into evidence while Trooper Stepanchik was off duty. The following morning, Trooper Stepanchik prepared a search warrant for the phone and, once locating a magisterial district judge, obtained a signed search warrant at 2:00 pm. The Extraction Report submitted as Plaintiff's Exhibit E indicates that the phone's "developer settings" resulted in "limited extraction", which included no extraction of SMS or MMS messages from the phone. Doc. No. 41, at 4.

On June 5, 2018, Mr. Serrano-Muñoz filed a motion to suppress evidence gathered from his cell phone and social media accounts. Crim. Doc. No. 51.[2] Mr. Serrano-Muñoz argued that the State Troopers seized his cell phone without a warrant in violation of the Fourth Amendment and improperly based a search warrant on Facebook account information obtained through retroactive application of the Sex Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10-9799.41 (2012), in violation of the Fifth Amendment. *Id.* ¶¶ 5–23. The presiding

---

[2] The docket number for the underlying criminal proceedings noted in footnote 1, *supra*, is No. 1:17-cr-233 (hereinafter cited as "Crim. Doc.").

2

court conducted a suppression hearing, during which counsel for Mr. Serrano-Muñoz stated that "the child pornography as alleged by the government was preserved by way of the Facebook Accounts." Crim. Doc. No. 65, at 35:18–20. Trooper Stepanchik obtained the Facebook messages through a search warrant for the minor's social media accounts rather than through Mr. Serrano-Muñoz's phone. Crim. Doc. No. 65, at 9:10–14. Mr. Serrano-Muñoz's counsel represented to the court that "I'm not aware of any allegation of child pornography being on the phone." Crim. Doc. No. 65, at 34:15–16.

The court in the criminal case denied Mr. Serrano-Muñoz's motion to suppress the evidence on his Facebook accounts and phone, finding that the exigent circumstances exception to the warrant requirement applied where the seizure was necessary to prevent the imminent destruction of evidence. Doc. No. 31-1, at 5–7. That court also rejected Mr. Serrano-Muñoz's Fifth Amendment claim that use of his Facebook account information violated his right against self-incrimination. Doc. No. 31-1, at 8–12. The court held that the independent source doctrine applied because the troopers used the minor's social media accounts to first identify Mr. Serrano-Muñoz's Facebook account information, not his information in the registry. Doc. No. 31-1, at 9–10. The good faith exception also applied because the Pennsylvania Supreme Court decision striking down retroactive application of the SORNA registration requirements was issued after use of the data in this case. Doc. No. 31-1, at 10–11. Mr. Serrano-Muñoz subsequently pled guilty to Count 1 of the indictment, by which he had been accused of persuading or inducing a minor to create visual depictions of sexually explicit conduct in violation of 18 U.S.C. § 2251. There was a plea agreement entered on May 13, 2021. Crim. Doc. No. 136. Mr. Serrano-Muñoz has not yet been sentenced.

Mr. Serrano-Muñoz brings this *pro se* Section 1983 claim against the State Troopers in both their individual and official capacities. Mr. Serrano-Muñoz asserts violations of his Fourth and Fifth Amendment rights, based primarily on the seizure of his cell phone and use of his Facebook information under SORNA. Mr. Serrano-Muñoz also claims that the "contents" of his phone were "put there by the state troopers who seized the phone" and that the State Troopers used unreasonable force in seizing his phone. Doc. No. 2, at 9, 13. Mr. Serrano-Muñoz seeks "[t]o review the legality of the indictments of the cases in both state and federal courts . . . and order those cases dismissed as they were brought on illegally gain/obtained 'evidence'", as well as nominal and punitive damages, and equitable relief in the form of the return of his cell phone. Doc. No. 2, at 14–15.

The State Troopers move to dismiss the complaint based on Rule 12(b)(1) lack of subject matter jurisdiction over state officials named in their official capacity under the Eleventh Amendment and 12(b)(6) failure to state a claim. Doc. No. 31, at 4. The State Troopers argue that they may not be sued in their official capacities for damages under Section 1983, that the Fifth Amendment claim fails because they are not federal actors, and that collateral estoppel precludes Mr. Serrano-Muñoz from relitigating his claims based on the seizure of his cell phone and use of his Facebook information. Doc. No. 31, at 6-8.

### STANDARD OF REVIEW

In assessing a motion to dismiss a complaint, the Court may consider "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For purposes of what properly may be considered on a motion to dismiss, "judicial proceedings constitute public records." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The Court

4

must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

"A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Lloyd v. Salameh*, 442 F. App'x 630, 631 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If a *pro se* complaint fails to state a cause of action, "a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial." *Chatman v. City of Pittsburgh*, 437 F. App'x 115, 116 (3d Cir. 2011).

## DISCUSSION

### I.     Eleventh Amendment Immunity

Mr. Serrano-Muñoz asserts claims against the State Troopers in both their official and individual capacities. The State Troopers argue that the Eleventh Amendment precludes suit against state officials in their official capacities in federal court where the state has not consented to be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The Commonwealth of Pennsylvania has not consented to lawsuits under Section 1983. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The State Troopers are employees with the Pennsylvania State Police, which is an executive department of the Commonwealth, so they share the Commonwealth's Eleventh Amendment immunity. *See Lavia v. Pennsylvania DOC*, 224 F.3d 190, 195 (3d Cir. 2000). As a result, Mr. Serrano-Muñoz's claims against the State Troopers in

their official capacities are barred. "The Eleventh Amendment does not bar an action for damages against an official sued in his individual capacity, however." *Laskaris*, 661 F.2d at 26. Given that Mr. Serrano-Muñoz has also sued the State Troopers in their individual capacities, the Court will address such claims in the State Troopers' individual capacities only.

## II. Fourth Amendment Claim Based on Seizure of Cell Phone

The State Troopers argue that Mr. Serrano-Muñoz's Fourth Amendment claims based on the seizure of his cell phone are precluded by the doctrine of collateral estoppel. "Collateral estoppel operates to bar 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination.'" *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). "Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007).

The fact that Mr. Serrano-Muñoz seeks to relitigate issues decided in his prior suppression hearing is most clearly demonstrated in the first remedy he seeks: "To review the legality of the indictments of the cases in both state and federal courts . . . and order those cases dismissed as they were brought on illegally gain/obtained [sic] 'evidence'." Compl. Attach. E ¶ 1.[3] In seeking this relief, Mr. Serrano-Muñoz may well misunderstand this Court's role in a Section 1983 claim. "[A]ny attempts to challenge the propriety of the [criminal trial] court's ruling cannot be made in this civil action; the only means for collaterally attacking a final judgment of conviction are the remedies provided by the state and federal post conviction relief statutes." *Berete v. Cortazzo*, No. 11-CV-4111, 2012 WL 6628040, at *4 (E.D. Pa. Dec. 18, 2012).

---

[3] Based on a review of the record, it is not clear which state court indictments Mr. Serrano-Muñoz refers to in this statement.

6

When "two different tribunals are asked to decide the same issue . . . the decision of the first tribunal usually must be followed by the second, at least if the issue is really the same." *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 140 (2015). Collateral estoppel will preclude a party from raising an already-litigated issue if 1) the issue is identical to the one decided in a prior case; 2) there was a final judgment on the merits in the prior action; 3) the party raising the issue was a party to the prior action or is in privity with such a party; and 4) "party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." *Nationwide*, 571 F.3d at 310 (quoting *Rue v. K–Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)).[4]

The State Troopers argue that each of these elements is met by Judge John E. Jones III's March 11, 2019 opinion denying Mr. Serrano-Muñoz's Motion to Suppress in his federal criminal case because 1) Mr. Serrano-Muñoz challenged the constitutionality of the seizure of his phone on the same grounds; 2) Judge Jones's opinion denying the motion to suppress was a final judgment on the merits of those arguments; 3) Mr. Serrano-Muñoz was the criminal defendant who filed the Motion to Suppress; and 4) Mr. Serrano-Muñoz had a full opportunity to argue the Motion to Suppress and challenge the constitutionality of the seizure before Judge Jones in the U.S. District Court for the Middle District of Pennsylvania.

A. Mr. Serrano-Muñoz Previously Litigated the Same Issues.

The Supreme Court held in *Allen v. McCurry* that, where a criminal defendant unsuccessfully moves to suppress evidence by challenging the constitutionality of the seizure in

---

[4] The parties apply Pennsylvania law on collateral estoppel, despite the fact that the Motion to Suppress Evidence was decided in a federal criminal proceeding in the U.S. Federal District Court for the Middle District of Pennsylvania, rather than Pennsylvania state court. Regardless, the same approach may be applied to determining the preclusive effect of federal court decisions. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) ("The parties agree, as do we, that Pennsylvania law is 'not inconsistent' with federal decisions on collateral estoppel and privity, and we therefore consider our own precedent to be persuasive in addressing collateral estoppel questions arising under Pennsylvania law.").

7

his or her criminal trial, the defendant is precluded from bringing a Section 1983 claim against the state police officers involved in the seizure on this basis. 449 U.S. 90, 91 (1980). Mr. Serrano-Muñoz argues that under *Haring v. Prosise*, 462 U.S. 306 (1983), a guilty plea does not preclude litigation of a Section 1983 claim based on an allegedly unconstitutional search. However, the preclusive court determination at issue here is not Mr. Serrano-Muñoz's guilty plea. Rather, Mr. Serrano-Muñoz fully litigated the issue of the constitutionality of the seizure in the Motion to Suppress Evidence that Judge Jones decided on the merits. As Mr. Serrano-Muñoz himself notes, *Haring* stands for the proposition that "it is impermissible for the Court to *assume* that a plea of guilty is based on a defendant's determination that he would be unable to prevail on a motion to suppress evidence." 462 U.S. at 318 (emphasis added). Here, no assumption is necessary; Mr. Serrano-Muñoz was in fact "unable to prevail on a motion to suppress evidence." *Id.*

Mr. Serrano-Muñoz also contests the first element of collateral estoppel by arguing that he raises several new issues not previously litigated. First, he argues that evidence gathered "from" his cell phone and Facebook records at issue in the criminal trial is distinct from seizure of the cell phone and Facebook records themselves. However, in his motion to suppress evidence in his criminal trial, Mr. Serrano-Muñoz did in fact raise the seizure of the cell phone itself. *See, e.g.*, Crim. Doc. No. 52, at 3 ("The Warrantless Seizure of the ZTE Cellular Phone was Illegal."). This argument also fails.

Next, Mr. Serrano-Muñoz argues that he did not previously raise the "issue of the Defendants going through and altering pictures" on his cell phone. Doc. No. 40, at 14. However, Judge Jones already found, based on the hearing testimony, that the cell phone was turned off while in police custody. Doc. No. 31-1, at 4. Further, Mr. Serrano-Muñoz conceded that the child pornography was found in Facebook conversations with the minor, not on his phone. *See* Crim.

Doc. No. 65, at 34:15–16. To the extent that Mr. Serrano-Muñoz now seeks to raise a separate Section 1983 claim based on the Fourteenth Amendment for alleged fabrication of evidence to "create" child pornography, this would be futile. Mr. Serrano-Muñoz would need to prove "a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016), *as amended* (Sept. 16, 2016). In the Motion to Suppress hearing, Mr. Serrano-Muñoz's counsel stated that he was "not aware of any allegation of child pornography being on the phone." Crim. Doc. No. 65, at 34:15–16. Thus, even when the Court construes all factual allegations in Mr. Serrano-Muñoz's favor, police manipulation of photographs on his phone would not affect the outcome of his case.

Mr. Serrano-Muñoz also asserts in his Response that "both defendants PSP Trooper Holdeman and PSP Trooper Stepanchik gave two different testimonys' [sic] that were in conflict of the events." Doc. No. 40, at 5. There is no explanation of what sort of conflict Mr. Serrano-Muñoz identifies in either his Complaint or his response to the Motion to Dismiss, and construing all possible inferences in his favor, the Court cannot find any sort of conflict. Doc. No. 40, at 5. This unspecified allegation does not defeat application of collateral estoppel.

B. Denial of the Motion to Suppress Was a Final Decision on the Merits.

Mr. Serrano-Muñoz also contests the second element of collateral estoppel, which requires finality, by arguing that the criminal "judgment [h]as been preserved for appeal to seek final judgment depending on the outcome of the case at sentencing." Doc. No. 40, at 14. The Third Circuit Court of Appeals has explained that "the denial of a suppression motion followed by a conviction is a final judgment for collateral estoppel purposes." *Ingram v. Lupas*, 353 F. App'x 674, 677 (3d Cir. 2009). A guilty plea is a conviction. *United States v. Porter*, 933 F.3d 226, 229 (3d Cir. 2019). Mr. Serrano-Muñoz signed a plea agreement which the Court accepted on June 8,

9

2021. Crim. Doc. No. 145.[5] Where the criminal trial court "issued a final judgment on the merits of the Plaintiff's claim, making findings [of] fact and conclusions of law regarding his Fourth Amendment claims," this satisfies the second element for collateral estoppel. *Berete*, 2012 WL 6628040, at *4.

Mr. Serrano-Muñoz had a full and fair opportunity to litigate his claims based on the seizure of his cell phone through his June 5, 2018 Motion to Suppress Evidence. Crim. Doc. No. 51. On March 11, 2019, Judge Jones issued an opinion denying the Motion to Suppress Evidence and squarely addressed each of the arguments raised here by Mr. Serrano-Muñoz, including the lack of a warrant for the seizure of the phone. Mr. Serrano-Muñoz's Fourth Amendment challenges to the seizure are barred by collateral estoppel.

C. Mr. Serrano-Muñoz Also Alleges Excessive Use of Force.

Mr. Serrano-Muñoz also states that the State Troopers engaged in "unreasonable use of force" in the seizure of his cell phone. Doc. No. 2, at 10. The Complaint's allegation that a police officer used "unreasonable" force is a legal conclusion that the Court need not credit for the purposes of a motion to dismiss. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000). Mr. Serrano-Muñoz does not assert facts to support this conclusion of law in his Complaint. Even under "less stringent standards," the *pro se* Complaint does not allege facts sufficient to establish a cause of action for excessive use of force. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Mr. Serrano-Muñoz does assert additional allegations in his Response to the Motion to Dismiss, alleging that an unidentified trooper pointed a gun at him and "slammed" him against a vehicle to handcuff him, Doc. No. 40, at 4, and he submits a declaration of his former

---

[5] The plea agreement specified that Mr. Serrano-Muñoz "knowingly waives the right to appeal the conviction" and "voluntarily and knowingly waives the right to collaterally attack the defendant's conviction." Crim. Doc. No. 136 ¶¶ 36–37. Therefore, Mr. Serrano-Muñoz's claim that "judgment [h]as been preserved for appeal to seek final judgment" is at odds with his agreement.

10

girlfriend on this point, Doc. No. 41, at 6–8.[6] The Third Circuit Court of Appeals has held that "excessive force need not cause injury to be actionable under the Fourth Amendment." *Velius v. Twp. of Hamilton*, 466 F. App'x 133, 137 (3d Cir. 2012). To the extent that Mr. Serrano-Muñoz intended to also assert a Fourth Amendment claim on the basis of excessive use of force, the Court will dismiss this claim without prejudice.

## III. Fifth Amendment Claim Based on Use of Facebook Account Information

Mr. Serrano-Muñoz also asserts a Fifth Amendment claim against the State Troopers based on the use of his Facebook information. The State Troopers utilized the SORNA registry to obtain his Facebook information. Mr. Serrano-Muñoz argues that this violated his Fifth Amendment right against self-incrimination because the Pennsylvania Supreme Court held in 2017 that retroactive application of SORNA violated the Ex Post Facto clauses of the United States and Pennsylvania constitutions. Doc. No. 2, at 11. However, Mr. Serrano-Muñoz raised the exact same argument in his Motion to Suppress and Judge Jones rejected this argument because the independent source doctrine and good faith exceptions applied. Doc. No. 31-1, at 9–12. For the same reasons given above, Mr. Serrano-Muñoz's Fifth Amendment challenge to use of his Facebook information obtained through SORNA is also barred by collateral estoppel.

### CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss the Complaint is granted. The Court will dismiss with prejudice the claims already resolved by Judge Jones, but will dismiss without prejudice the Fourth Amendment excessive use of force claim. The Court cautions Mr. Serrano-Muñoz against attempting to relitigate his conviction a third time. Compl. Attach. E ¶ 1.

---

[6] The Court notes that the authenticity of this declaration is questionable. The declaration is dated August 9, 2017, Doc. No. 41, at 9, but contains the Civil Action No. 18-CV-4983, which was not assigned to this case until Mr. Serrano-Muñoz filed his November 11, 2018 Complaint, Doc. No. 2.

11

A Section 1983 claim is not the proper vehicle for such relief. In Mr. Serrano-Muñoz's request for damages, he runs afoul of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction[], or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid. *Heck*, 512 U.S. at 486–87. Amending Mr. Serrano-Muñoz's Complaint seeking to vacate his pending sentence or to obtain damages for a conviction that has not been vacated would be futile.

Mr. Serrano-Muñoz also seeks the return of his cell phone. Doc. No. 2, at 15. A Section 1983 claim is not the proper vehicle for this purpose. *See McKenna v. Portman*, 538 F. App'x 221, 225 (3d Cir. 2013) ("Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy when police seize property pursuant to an investigation."); *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (noting that a "due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available" and that the prisoner could also have pursued a state tort suit for conversion of property).

The Court dismisses Mr. Serrano-Muñoz's Fourth Amendment claim for seizure of his cell phone and Fifth Amendment claim for use of his Facebook information with prejudice. The Court dismisses Mr. Serrano-Muñoz's Fourth Amendment claim for unreasonable use of force without prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE